Mathew B. West
SCHIFF HARDIN LLP
666 Fifth Avenue
New York, New York 10103
(212) 753-5000
mwest@schiffhardin.com

*Attorneys for Defendant Sovereign Bank*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---

MESIVTHA TIFERETH JERUSALEM,

    Plaintiff,

v.

SOVEREIGN BANK and STATEN ISLAND BANK & TRUST,

    Defendants.

---

No. 12-cv-_____

**NOTICE OF REMOVAL**

ECF Case

CV 12-1301

KUNTZ, J.
GO, M.J.

TO THE CLERK OF THE COURT:

Defendant Sovereign Bank, now known as Sovereign Bank, N.A. (the "Bank"), by its undersigned counsel, hereby removes this action, currently pending in the Supreme Court for the State of New York, County of Kings, bearing Index No. 4442/12 (the "State Action") to this Court pursuant to 28 U.S.C. §§ 1322, 1441 and 1446.

## I. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. §§ 1332 AND 1441.

### A. Procedural Background

1. On February 24, 2012, Plaintiff Mesivtha Tifereth Jerusalem ("MTJ") commenced the State Action in the Supreme Court State of New York, County of Kings, Index No 4442/2012 (AMS). (Attached as Exhibit A is the copy of the complaint in the State Action, dated February 23, 2012 (the "Complaint").)

2. The Complaint alleges a single cause of action for conversion against Defendant Sovereign Bank and purported Defendant Staten Island Bank & Trust related to a series of forged checks that were negotiated between July and December 2011 on MTJ's bank accounts with the Bank. MTJ seeks damages in an amount not less than $125,400.22.

3. On March 6, 2012, MTJ moved by order to show cause for a temporary restraining order. (Attached as Exhibit B is the Order to Show Cause.)

4. On March 6, 2012, Justice Arthur M. Schack denied MTJ's request for a temporary restraining order. (Attached as Exhibit C is a copy of Justice Schack's Order.)

5. This action is removable under 28 U.S.C. § 1441(a) because it is a civil action over which this Court has original jurisdiction and because the Bank is effecting this removal to the District Court of the United States for the district and division where the State Action is pending.

6. The Court has original jurisdiction over this civil action under 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and because complete diversity of citizenship exists between Plaintiff and the Bank, the only properly named defendant.

### B. There Is Complete Diversity of Citizenship Between Plaintiff and the Only Properly Named Defendant

7. Plaintiff Mesivtha Tifereth Jerusalem is a domestic corporation with its main office located at 131 Bloomingdale Road, Staten Island, New York 10309-2817. For diversity purposes, MTJ is a citizen of New York.

8. Defendant Sovereign Bank is a national bank with its main office located in Wilmington, Delaware, 19801. For diversity purposes, the Bank is a citizen of Delaware.

9. Accordingly, there is diversity between Plaintiff Mesivtha Tifereth Jerusalem and Defendant Sovereign Bank.

10. The Complaint purports to state a claim against Staten Island Bank & Trust ("SIB"), however, as set forth below, because MTJ improperly named SIB as a defendant, diversity exists.

### C. Staten Island Bank & Trust Has Been Improperly Named As A Defendant

11. Improper joinder of a defendant is established when the removing defendant demonstrates "by clear and convincing evidence . . . that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against a non-diverse defendant in state court." *In re Fosamax Prods. Liab. Litig.*, 2008 WL 2940560, at *3 (S.D.N.Y. Jul. 29, 2008); *Sherman v. A.J. Pegno Constr. Corp.*, 528 F. Supp. 2d 320, 327 n.10 (S.D.N.Y. 2007).

12. Here, purported Defendant SIB is an entity that *does not* exist, and has not existed since on or about April 12, 2004, long before the purported wrongful conduct alleged in the Complaint.

13. On or about April 12, 2004, SIB merged with and into Independence Community Bank ("ICB"). (*See* FDIC status report, attached as Exhibit D.) Accordingly, SIB was no longer an active institution. (*Id.*)

14. On September 8, 2006, ICB merged with and into Sovereign Bank. (*See* Office of Thrift Supervision Certificate of Merger, attached as Exhibit E.)

15. Effective on that date, ICB no longer existed and Sovereign Bank was the surviving institution. (*Id.*)

16. Accordingly, there is no possibility, based on the pleadings, that MTJ can state a cause of action against SIB, an entity that does not exist separate and apart from Sovereign, in state court and diversity is present.

### D. The Amount in Controversy Requirement Is Met

17. A removing defendant need only show "a reasonable probability that a claim is in excess of the statutory jurisdictional amount" of $75,000. *United Food & Comm'l Workers Union v. Centermark Properties Meriden Square, Inc.*, 30 F.3d 298, 304-05 (2nd Cir. 2004) (internal citations omitted). Here, plaintiff alleges damages in the Complaint of "not less than $125,400.22." (Complaint ¶ 14.)

18. Accordingly, the Notice of Removal meets the Amount in Controversy requirement.

## II. NOTICE OF REMOVAL IS TIMELY

19. Plaintiff filed the Complaint on February 24, 2012. The Bank was served on or about February 24, 2012.

20. The Complaint was the initial pleading received by the Bank setting forth the claims for relief upon which this action is based.

21. The Bank filed this Notice of Removal within 30 days of the Bank's receipt of the initial pleading setting forth the claim for relief upon which this action is based. It is therefore timely under 28 U.S.C. § 1446(b). *See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the 30-day time period under the removal statute begins to run from the date of formal service).

WHEREFORE, Sovereign Bank respectfully removes this action from the Supreme Court of the State of New York, County of Kings, Index No. 4442/12 (AMS), to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

Date: New York, New York
March 15, 2012

Respectfully submitted,

SCHIFF HARDIN LLP

By: _____
Mathew B. West
mwest@schiffhardin.com

666 Fifth Avenue
New York, New York 10103
(212) 753-5000

*Attorneys for Sovereign Bank*

NY\51144097.2

SUPREME COURT OF THE STATE OF NEW YORK  Date purchased: 2/24/12
COUNTY OF KINGS
-----------------------------------------------------------X  Index No. 4442/12
MESIVTHA TIFERETH JERUSALEM,

        Plaintiff,

                 **SUMMONS**

  -against-

SOVEREIGN BANK and STATEN ISLAND
BANK & TRUST,

        Defendant(s).
-----------------------------------------------------------X
TO THE ABOVE NAMED DEFENDANT(S);

  You are hereby summoned to answer the Verified Complaint in this action and to serve a copy of your answer, or, if the Complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorney within twenty days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York). In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:  February 23, 2012
      Brooklyn, New York

                LAW OFFICES OF LEE M. NIGEN
                BY: Lee M. Nigen, Esq.
                Attorney for Plaintiff
                26 Court Street, Suite 1013
                Brooklyn, New York, 11242
                347-294-0661

**Defendants' Addresses:**
SOVEREIGN BANK
551 5th Avenue, 25th Floor
New York, New York 10176-0001

STATEN ISLAND BANK & TRUST
at 3150 Amboy Road
Staten Island, NY 10306

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------X    Index No.
MESIFTHA TIFERETH JERUSALEM,

                        Plaintiff,

                                                   **VERIFIED COMPLAINT**

   -against-

SOVEREIGN BANK and STATEN ISLAND
BANK & TRUST,

                        Defendant(s).
-----------------------------------------------------------X

       Plaintiff MESIFTHA TIFERETH JERUSALEM by its attorneys, LAW OFFICES OF LEE M. NIGEN as and for its complaint against Defendant, alleges and states as follows:

### PARTIES

1. Plaintiff MESIFTHA TIFERETH JERUSALEM, is a Domestic Business Corporation, with its corporate headquarters located at

2. Upon information and belief, Defendant SOVEREIGN BANK is a federal savings bank organized and existing under and by virtue of the law of the United States of America, with one of its offices located at 551 5th Avenue, 25th Floor, New York, New York 10176-0001.

3. Upon information and belief, Defendant STATEN ISLAND BANK & TRUST is a subsidiary of Sovereign Bank, with one of its offices located at 3150 Amboy Road, Staten Island, NY 10306

### JURISDICTION AND VENUE

4. Jurisdiction is claimed under CPLR 301.

5. Venue is claimed under CPLR Article 5 as the county where the cause of action arose.

## BACKGROUND

6. The Plaintiff operates as a high school in Staten Island, New York, with an enrollment of several hundred students.

7. At all times relevant herein, the Plaintiff maintained a bank account with the Defendants under the name of Bedek Habais, account number 2166107504.

8. Beginning from a period on or about July 27, 2011 through and including December 4, 2011, two (2) checkbooks were removed from Plaintiff's offices without permission or authority by unknown or unnamed perpetrators.

9. The unknown or unnamed perpetrators then forged signatures on numerous checks drawn on Plaintiff's account maintained at the Defendant banks, totaling a sum of approximately $125,400.22.

10. A criminal complaint was filed with the New York City Police Department on or about December 16, 2011.

## AS AND FOR A FIRST CAUSE OF ACTION: CONVERSION

11. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 10 as though fully set forth herein.

12. That Defendants, by accepting the forged checks without a valid authorized signature, failed to exercise ordinary care under the Uniform Commercial Code.

13. That as a result of the Defendants failure to exercise ordinary care, the Defendants committed conversion of the approximate amount of $125,400.22, which is rightfully owned by Plaintiff.

14. As a proximate result of Defendants' conversion, Plaintiff suffered damages in an amount to be determined at trial but not less than $125,400.22.

**WHEREFORE**, Plaintiff respectfully demands judgment as follows:

(A)   Judgment upon Plaintiff's causes of action in an amount to be in an amount to be determined at trial but not less than $125,400.22;

(B)   Attorney's fees, costs and disbursements associated with this action;

(C)   For such other, further, and different relief as to this Court seems just and proper.


Dated: February 23, 2012
       Brooklyn, New York

                                 Lee M. Nigen, Esq.
                                 **LAW OFFICES OF LEE M. NIGEN**
                                 Attorneys for Plaintiff
                                 26 Court Street, Suite 1013
                                 Brooklyn, New York 11242
                                 (347) 294-0661

## VERIFICATION

STATE OF NEW YORK    )
                     )SS.:
COUNTY OF KINGS      )

Lee M. Nigen, an attorney duly admitted to practice law before the Courts of the State of New York, affirms the following under penalty of perjury and pursuant to CPLR 2106:

I am the attorney for the Plaintiff MESIVTHA TIFERETH JERUSALEM in the within action. I have read the foregoing Complaint, and know the contents thereof, and that they are true based upon information and belief. My information and belief are based upon my review of the files and records of the files maintained in my office and conversations with my client. I make this Affirmation in place of the Plaintiff based upon the fact that my Law Firm's office is not within the County in which Plaintiff resides.

_____
LEE M. NIGEN, ESQ.

DATED: February 23, 2012
Brooklyn, New York

SUPREME COURT
STATE OF NEW YORK, COUNTY OF    KINGS          Index No.          Year

MESIFTHA TIFERETH JERUSALEM,

                                                                 Plaintiff

-against-

SOVEREIGN BANK and STATEN ISLAND BANK & TRUST,

                                                                 Defendant.

## SUMMONS AND COMPLAINT

### LAW OFFICES OF LEE M. NIGEN

*Attorney(s) for*     PLAINTIFF

*Office and Post Office Address, Telephone*

26 Court St., Suite 1013
BROOKLYN, NY 11242
Tel. (347) 294-0661    Fax (347) 294-4002
esqlmn@aol.com

To

                                                     Signature (Rule 130-1.1-a)

                                                   Print name beneath

                                                 Lee M. Nigen

                                      Service of a copy of the within is hereby admitted.

                                        Dated: _____

Attorney(s) for

---

**PLEASE TAKE NOTICE:**

☐ **NOTICE OF ENTRY**

that the within is a *(certified) true copy of a*
duly entered in the office of the clerk of the within named court on

☐ **NOTICE OF SETTLEMENT**

that an order                                                                              of which the within is a true copy
will be presented for settlement to the HON.                                 one of the judges of the
within named Court, at
on                                         at                          M.

Dated,

                                                    Yours, etc.

                                                    LAW OFFICES OF LEE M. NIGEN

AT IAS PART 72 of the Supreme Court
of the State of New York Kings County Borough
of Brooklyn City of New York on the 6th day of March 2012

Present HON. ARTHUR M. SCHACK

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------X
MESIVTHA TIFERETH JERUSALEM,

      Plaintiff,

  -against-

SOVEREIGN BANK and STATEN ISLAND
BANK & TRUST,

      Defendant.
-----------------------------------------------------------------X

**ORDER TO SHOW CAUSE**

Index No. 4442/12

Upon the attorney's affirmation of emergency of Lee M. Nigen, Esq., Dated 3/6/12, counsel for Plaintiff herein, LET defendant SHOW CAUSE before this Court at a Motion Part IAS 27 hereof, at the Kings County Courthouse at 360 Adams Street, Room ___, Brooklyn, New York 11201, why an Order should not be entered ON the 12th day of ___ 2012 at 9:30 AM restraining Defendants from conducting any banking operations until defendants shall afford proof that funds converted from the plaintiff's Bedek HaBayit account have been restored or until a bond has been posted by defendants pending a hearing on the instant application.

  SUFFICIENT CAUSE HAVING BEEN SHOWN, LET defendants also show cause why a Temporary Restraining Order should not issue pursuant to CPLR Article 63 restraining defendants from conducting operations pending a hearing on the instant application.

~~ORDERED, that defendants SOVEREIGN BANK and STATEN ISLAND BANK & TRUST shall be and hereby is directed to suspend all operations pending a hearing on this application.~~

ORDERED, ~~that plaintiff shall serve~~ LET PERSONAL SERVICE OF a copy of this Order AND THE PAPER UPON WHICH IT IS BASED upon defendant, on or before March , 2012 SHALL BE DEEMED GOOD AND SUFFICIENT ~~pursuant to CPLR 308 upon any managing agent of said defendant~~ AT defendant's branch at 185 Montague Street, Brooklyn NY 11201

~~Dated: March , 2012~~

ENTER

HON. ARTHUR M. SCHACK
J.S.C.

At an I.A.S. Trial Term, Part 27 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, located at Civic Center, Borough of Brooklyn, City and State of New York, on the 12th day of MARCH 20 12

PRESENT: HON. ARTHUR M. SCHACK

Hon. _____
                Justice

MESIVTHA TIFERETH JERUSALEM
                                    Plaintiff(s)

Cal. No. 43
Index No. 4742/12

- against -

SOVEREIGN BANK
                                    Defendant(s)

| The following papers numbered 1 to read on this motion | Papers Numbered |
|---|---|
| Notice of Motion - Order to Show Cause and Affidavits (Affirmations) Annexed | 1 |
| Answering Affidavit (Affirmation) | 2 |
| Reply Affidavit (Affirmation) | |
| _____ Affidavit (Affirmation) | |
| Pleadings - Exhibits | |
| Stipulations - Minutes | |
| Filed Papers | |

π's OSC for a temporary restraining order against Sovereign Bank from conducting operations is denied. There are issues with respect to how long π waited to notify π Bank of alleged forged checks. Further, pursuant to Art 63 TRO relief, there are questions whether π will have a likelihood, likelihood of success on the merits." See W.T. Grant V Srigi, 52 NY2d 456, 517 [1981], cpccr 6301; Doe v Axelrod, 73 NY2d 748, 750 [1988]. In the

For Clerks use only
MG___
MD___
Motion Seq. #

ENTER

_____
J.S.C.

EJV-rev 11-04

instant action the delay in notifying the bank of forged checks raise the possibility that the ∏ as the drawer of the checks, has the risk of loss shifted to itself from the drawee bank as the party best able to prevent the loss. See Getty Petroleum Corp v American Express, 90 L.Y.2d 322, 327 [1997]

ENTERED/SO ORDERED

_____
JSC



Advanced Search

Each depositor Insured to at least $250,000 per insured bank

Home > Industry Analysis > Bank Data & Statistics > Institution Directory Home

| Institution Directory | Bank Holding Cos. | Find All Institutions | Offices | Advanced Features | ID Map and Definitions | Disclaimer and Notes | ID Help |

### Key demographic information as of March 8, 2012
**SI Bank & Trust**
81 Water Street
Staten Island, NY 10304

| FDIC Certificate #: | 15986 | Date Established: | 4/7/1864 |
| Bank Charter Class: | Savings Association | Date of Deposit Insurance: | 7/1/1943 |
| Primary Federal Regulator: | Office of Thrift Supervision | More Demographic Information → | |
| Primary Internet Web Address: | http://www.sibk.com:80/ | Generate History → | |

**This is an Inactive institution.**
Inactive as of: April 12, 2004
Closing history: Merged without Assistance into
Acquiring institution: Independence Community Bank - (16018)

### Information Gateway

ID Report Selections: [Assets and Liabilities ▼]
Report Date: [March 31, 2004 ▼]  [Generate Report]

-----More Information-----

- Current List of Offices not available
- Compare to Peer Group(s)
- FFIEC Call/TFR Report **3/31/2004 Latest Available**
- FFIEC UBPR not available
- FDIC/OTS Summary of Deposits

- Bank Holding Company Ownership and Affiliates not available
- Regional Economic Conditions (FDIC RECON)
- Organization Hierarchy from the Federal Reserve System
- OTS CRA ratings
- Consumer Assistance from Primary Federal Regulator

Press 🛈 for description

Questions, Suggestions & Requests

Home | Contact Us | Search | Help | SiteMap | Forms
Website Policies | Privacy Policy | USA.gov | FDIC Office of Inspector General
Freedom of Information Act (FOIA) Service Center | FDIC Open Government Webpage | No FEAR Act Data

http://www2.fdic.gov/idasp/confirmation_outside.asp?inCert1=15986    3/15/2012



**Office of Thrift Supervision**
Department of the Treasury

1700 G Street, N.W., Washington, D.C. 20552 • (202) 906-6000

## CERTIFICATE OF MERGER

**REFERENCE:** Independence Community Bank
Brooklyn, New York

I, Roslyn E. Weeks, Corporate Secretary, Office of Thrift Supervision, hereby certify, according to the records of the Office of Thrift Supervision, Department of the Treasury, Washington, DC:

1. Independence Community Bank, Brooklyn, New York, was incorporated under the laws of the State of New York to transact the business of a State Savings Bank;

2. Effective September 8, 2006, Independence Community Bank, Brooklyn, New York, merged with and into Sovereign Bank, Wyomissing, Pennsylvania, and Sovereign Bank, Wyomissing, Pennsylvania was the surviving institution and ;

3. Sovereign Bank, Wyomissing, Pennsylvania, is a federally chartered savings bank, and its charter is in full force and effect.

DATED this 14th day of September 2006.

Roslyn E. Weeks
Corporate Secretary

The foregoing instrument was subscribed and sworn to before me by Roslyn E. Weeks, Corporate Secretary, Office of Thrift Supervision, this 14th day of September, 2006.

Jean B. Gray
Notary Public, District of Columbia
My Commission Expires: 4/14/2010