IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MESIVTHA TIFERETH JERUSALEM,<br><br>                Plaintiff,<br><br>    v.<br><br>SOVEREIGN BANK and STATEN ISLAND BANK & TRUST,<br><br>                Defendants. | 12-CV-1301 (WFK) (MDG)<br><br>**ANSWER AND DEFENSES** |
| SOVEREIGN BANK, N.A.,<br><br>                Third-Party Plaintiff,<br><br>    v.<br><br>YEHUDA RUBIN and RACHEL SACHS,<br><br>                Third-Party Defendants. | **THIRD-PARTY COMPLAINT** |

Defendants Sovereign Bank (the "Bank"), now known as Sovereign Bank, N.A., and Staten Island Bank & Trust ("SIBT") by their attorneys, Schiff Hardin LLP, allege as follows in response to the complaint, dated February 23, 2012 (the "Complaint"):

**ANSWER TO THE AMENDED COMPLAINT**

1. The Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2. The Bank denies the allegations contained in Paragraph 2 of the Complaint. The Bank is a national bank with its home office in Wilmington, Delaware.

3. The Bank denies the allegations contained in Paragraph 3 of the Complaint.

4. Paragraph 4 of the Complaint contains a legal assertion for which no response is required.

5. Paragraph 5 of the Complaint contains a legal assertion for which no response is required.

6. The Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7. Denied, except admits that during the relevant time period Plaintiff had a bank account with the Bank, under the name Mesivtha Tifereth Jerusalem Bedek Habais Account, account number 2166107504.

8. The Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9. The Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10. The Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11. Paragraph 11 of the Complaint does not contain an allegation for which a response is required.

12. Denied.

13. Denied.

14. Denied.

**DEFENSES**

As separate defenses, each interposed separately as to the purported cause of action of the Complaint, the Bank further alleges the following:

**FIRST DEFENSE**
(Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**
(Unclean Hands)

The Complaint is barred, in whole or in part, by virtue of Plaintiff's conduct under the doctrine of unclean hands.

**THIRD DEFENSE**
(Negligence)

The Complaint is barred, in whole or in part, by virtue of Plaintiff's own negligence.

**FOURTH DEFENSE**
(Failure to Mitigate Damages)

The Complaint is barred, in whole or in part, because Plaintiff failed to take reasonable, necessary and diligent steps to mitigate, minimize and lessen the damage, if any, incurred. Thus, Plaintiff is completely or partially barred from recovery.

**FIFTH DEFENSE**
(Consent)

The Complaint is barred, in whole or in part, because Plaintiff, by reason of its knowledge, statements and conduct, consented and/or acquiesced to the acts described in the Complaint.

### SIXTH DEFENSE
(Excuse)

The Complaint is barred, in whole or in part, because any acts or failure to act on the part of the Bank were excused by the actions of Plaintiff.

### SEVENTH DEFENSE
(Reasonable Commercial Standards)

The Complaint is barred, in whole or in part, because at all times relevant to this action the Bank acted within the course and scope of reasonable commercial standards.

### EIGHTH DEFENSE
(Estoppel)

The Complaint is barred, in whole or in part, by the equitable principles of estoppel.

### NINTH DEFENSE
(Waiver)

The Complaint is barred, in whole or in part, because Plaintiff waived its rights, if any, to bring this action.

### TENTH DEFENSE
(Reservation of Rights)

The Bank alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses.  The Bank reserves its right to file an amended answer asserting additional defenses

## THIRD-PARTY COMPLAINT

For its third-party complaint against Yehuda Rubin and Rachel Sachs, Defendant and Third-Party Plaintiff Sovereign Bank, N.A. further alleges the following:

## THE PARTIES

1. Defendant and Third-Party Plaintiff Sovereign Bank, N.A. (the "Bank") is a Delaware corporation with its home office located in Wilmington, Delaware.

2. Third-Party Defendant Yehuda Rubin is an individual with a last known address of 60 Ruppert Avenue, Staten Island, New York 10314-5034

3. Third-Party Defendant Rachel Sachs is an individual with a last known address of 763 Lefferts Avenue, Brooklyn, New York.

## JURISDICTION AND VENUE

4. This Court has supplemental jurisdiction over the Bank's third-party claims pursuant to 28 U.S.C. § 1367 as the third-party claims are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution, and that additional claims may be joined pursuant Federal Rule of Civil Procedure 18(a).

5. This Court has personal jurisdiction over third-party defendants Mr. Rubin and Ms. Sachs because they are residents of the State of New York and a substantial part of the events giving rise to the third-party claims herein occurred in this District.

6. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(a) and (c) because third-party defendant Ms. Sachs resides in this district and a substantial part of the events or omissions giving rise to the third-party claims occurred within this District.

**FACTS**

1. Plaintiff Mesivtha Tifereth Jerusalem ("MTJ") maintained several banking accounts with the Bank.

2. On information and belief, Mr. Rubin and Ms. Sachs came into possession of checks from MTJ's accounts.

3. Between July and December 2011, a number of forged checks from MTJ's bank accounts were negotiated by Mr. Rubin and Ms. Sachs.

4. On information and belief, Mr. Rubin and Ms. Sachs forged the signatures on the checks that were drawn on MTJ's accounts.

5. In December 2011, the Bank brought to MTJ's attention certain activity in one of MTJ's accounts. At that point, the forged checks by Mr. Rubin and Ms. Sachs were discovered.

6. Schmuel P. Cohen, an MTJ Rabbi and officer who had check signing authority on MTJ's accounts, admitted that MTJ's checks were often kept in an unlocked drawer in an unlocked office and sometimes were left out in the open on desktops.

7. According to Rabbi Cohen, the person who forged and negotiated most of the forged checks was Mr. Rubin. Rabbi Cohen stated that Mr. Rubin was known to MTJ as someone who lived in the MTJ community and whose parents are members of the MTJ community.

8. A comprehensive investigative database identified MTJ's address as an "associated address" for Mr. Rubin.

9. MTJ received monthly bank account statements, which showed activity on the accounts and which included copies of negotiated checks. Thus, at least as early as August

6

2011, MTJ was on notice that forged checks were being negotiated on its accounts by Mr. Rubin and Ms. Sachs.

10. The MTJ accounts in which the forgery occurred were closed in December 2011.

## FIRST THIRD-PARTY CLAIM
(Fraud Against Mr. Rubin)

11. The Bank repeats and re-alleges the allegations set forth in paragraph 1 through 10 above as if fully alleged herein.

12. On information and belief, from July through December 2011, Mr. Rubin negotiated forged checks on MTJ's accounts with the Bank.

13. On information and belief, Mr. Rubin signed the forged checks that he negotiated.

14. On information and belief, Mr. Rubin signed and negotiated the forged checks with the knowledge that the checks were forged and with the intent to defraud the Bank.

15. The Bank reasonably relied on Mr. Rubin's representations and omissions concerning the forged checks, including the forged signatures.

16. As a result of Mr. Rubin's conduct, the Bank has been caused to suffer substantial monetary damages in an amount to be determined at trial.

## SECOND THIRD-PARTY CLAIM
(Fraud Against Ms. Sachs)

17. The Bank repeats and re-alleges the allegations set forth in paragraph 1 through 16 above as if fully alleged herein.

18. On information and belief, from July through December 2011, Ms. Sachs negotiated forged checks on MTJ's accounts with the Bank.

19. On information and belief, Ms. Sachs signed the forged checks that she negotiated.

20. On information and belief, Ms. Sachs signed and negotiated the forged checks with the knowledge that the checks were forged and with the intent to defraud the Bank.

21. The Bank reasonably relied on Ms. Sachs' representations and omissions concerning the forged checks, including the forged signatures.

22. As a result of Ms. Sachs' conduct, the Bank has been caused to suffer substantial monetary damages in an amount to be determined at trial.

WHEREFORE, Defendant and Third-Party Plaintiff Sovereign Bank, N.A. demands judgment as follows:

1. Dismissing the Complaint with prejudice;

2. On the First Third-Party Claim for fraud against Mr. Rubin awarding damages in an amount to be determined at trial;

3. On the Second Third-Party Claim for fraud against Ms. Sachs awarding damages in an amount to be determined at trial;

4. Awarding Defendant and Third-Party Plaintiff Sovereign Bank, N.A. interest on the foregoing amounts, its attorneys' fees, costs and disbursements and such other and further relief this Court deems just and proper.

Date:  New York, New York
       March 22, 2012

                        SCHIFF HARDIN LLP

                        By:  /s/ Mathew B. West
                              Mathew B. West
                              mwest@schiffhardin.com

                        666 Fifth Avenue
                        New York, New York 10103
                        (212) 753-5000

                        *Attorneys for Sovereign Bank, N.A.*

NY\51145566.1\03.20.12 10:41