

Mathew B. West
212-745-0851
mwest@schiffhardin.com

666 FIFTH AVENUE, 17TH FLOOR
NEW YORK, NEW YORK  10103
t 212.753.5000
f 212.753.5044
www.schiffhardin.com

May 9, 2012

*By ECF*
Hon. Marilyn D. Go
United States District Court
225 Cadman Plaza East, Room 1214-S
Brooklyn, New York 11201

      Re:  *Mesivtha Tifereth Jerusalem v. Sovereign Bank, et al.*
           12-CV-1301 (WFK) (MDG)

Dear Judge Go:

      We represent defendant Sovereign Bank, N.A. (the "Bank") and write in response to Stanley Shapiro's letter to you of today. While the Bank does not object in principle to the concept of a scheduling conference, though it is unclear if one is necessary, Mr. Shapiro's basis for requesting one is mystifying. Mr. Shapiro states he needs a scheduling conference because he "requires discovery from defendant," which clearly implies that the Bank has somehow obstructed the discovery process. But, as set forth below, that is completely incorrect.

      Mr. Shapiro, plaintiff Mesivtha Tifereth Jerusalem's ("MTJ") counsel, served document requests and interrogatories on the Bank by U.S. Mail on April 17, 2012. The Bank served document requests and interrogatories on MTJ the next day by overnight courier. Pursuant to the Federal Rules of Civil Procedure (the "FRCP"), the Bank intends to serves its objections and responses on MTJ, including responsive, non-privileged documents, on May 21, 2012.

      Moreover, I spoke with Mr. Shapiro today about selecting an arbitrator. During that conversation we agreed to produce FRCP 21(a)(1)(A) disclosures and our responses and objections to document requests and interrogatories on the same day, May 21, 2012. In light of this record, I believe Mr. Shapiro might want to elaborate on his reasons for requesting a scheduling conference.

                                           Respectfully submitted,

                                           Mathew B. West
                                           (mwest@schiffhardin.com)

MBW/mc
Cc: Stanley K. Sharpiro, Esq. (by ECF)