

SCHIFFHARDIN<sub>LLP</sub>

Mathew B. West
212-745-0851
mwest@schiffhardin.com

666 FIFTH AVENUE, 17TH FLOOR
NEW YORK, NEW YORK   10103
*t* 212.753.5000
*f* 212.753.5044
www.schiffhardin.com

May 22, 2012

*By ECF*

Hon. Marilyn D. Go
United States District Court
225 Cadman Plaza East, Room 1214-S
Brooklyn, New York 11201

> Re:   *Mesivtha Tifereth Jerusalem v. Sovereign Bank, et al.*
>        12-CV-1301 (WFK) (MDG)

Dear Judge Go:

We represent defendant Sovereign Bank, N.A. (the "Bank"). Pursuant to the Federal Rules of Civil Procedure (the "FRCP") and the parties' agreement, and as discussed in the status call with the Court on May 16, 2012, the parties were to make their FRCP 26(a)(1)(A) initial disclosures, as well as disclosure pursuant to FRCP 33 and 34, tomorrow, May 23, 2012. As is customary, because much of the information requested by Plaintiff Mesivtha Tifereth Jerusalem ("MTJ") is proprietary or confidential, the Bank agreed to produce such information pursuant to a protective order. MTJ, however, will not agree to such a protective order unless it is able to disseminate the Bank's discovery information, but not the actual documents, as it likes, including to the media. The Bank requests a conference at Your Honor's earliest convenience to resolve this issue.

Briefly, this morning I sent MTJ's counsel, Stanley Shapiro, an email (enclosed as Exhibit A) advising him that because "MTJ has requested various categories of documents from the bank that are proprietary (policies and procedures, etc.) and confidential (investigative information, etc.)," the Bank would produce such information pursuant to a protective order. In that email I enclosed a draft protective order. The draft protective order is hardly restrictive and allows full disclosure of "Confidential Information" to the usual persons that are the subject of such an order, *e.g.*, litigants, clients and the Court. (See Ex. B ¶ 4.)

In a conversation with Mr. Shapiro this afternoon, however, I was advised that MTJ would not agree to the draft protective order as written because it allegedly unduly limited his ability to disseminate and disclose the contents of documents. I advised Mr. Shapiro that he was free to disseminate and disclose the discovery as he wished to all the persons listed in Paragraph 4 of the draft protection order. That was not enough for Mr. Shapiro. Indeed, Mr. Shapiro advised me that he wants to be able to disseminate the contents of the Bank's discovery to, for example, the *New York Post*.

 SCHIFF HARDIN LLP

Hon. Marilyn D. Go
May 22, 2012
Page 2

     Mr. Shapiro's candid admission that he would like to be able to disclose the Bank's discovery to the media if he wants to is exactly the reason these types of protective orders are created. Such dissemination is meant solely for *in terrorem* effect and would be a blatant abuse of the FRCP's powerful discovery obligations. MTJ should not be allowed to exploit the FRCP to leverage the Bank in this litigation. We request a conference with Your Honor at the Court's earliest convenience to resolve this issue.



Respectfully submitted,

Matthew B. West
(mwest@schiffhardin.com)

MBW/mc

Cc: Stanley K. Sharpiro, Esq. (by ECF)

# Exhibit A

## West, Mathew B.

| | |
|---|---|
| **From:** | West, Mathew B. |
| **Sent:** | Tuesday, May 22, 2012 8:52 AM |
| **To:** | Stanley K. Shapiro (StanleyKShapiro@aol.com) |
| **Subject:** | MTJ v. Sovereign Bank |
| **Attachments:** | 5-23-12  Stipulated Protective Order (Final Draft).DOC |

Stan,

     Enclosed is a draft proposed protective order.  MTJ has requested various categories of documents from the bank that are proprietary (policies and procedures, etc.) and confidential (investigative information, etc.).  Sovereign agrees to produce these documents, but only if we have a protective order in place.  I think you will agree that it is a pretty plain vanilla draft protective order.  Let's discuss today.

     Also, let's give a call over to the arbitration clerk and get an extension of the time to pick an arbitrator, unless you believe some of our excellent choices are good enough.

Matt



Download vCard
View Bio

**Mathew B. West**
Counsel

666 Fifth Ave
Suite 1700
New York, NY 10103
www.schiffhardin.com

*t* 212.745.0851
*f* 212.753.5044
*e* mwest@schiffhardin.com

# Exhibit B

NY\51175906.1\05.22.12 03:34

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

MESIVTHA TIFERETH JERUSALEM,

                    Plaintiff,

        v.

SOVEREIGN BANK and STATEN ISLAND
BANK & TRUST,

                    Defendants.

12-CV-1301 (WFK) (MDG)

## STIPULATED PROTECTIVE ORDER

WHEREAS, Plaintiff Mesivtha Tifereth Jerusalem and Defendant Sovereign Bank, now known as Sovereign Bank, N.A. (each a "Party" and collectively the "Parties"), are engaged in discovery proceedings in this action, including document production, depositions, deposition exhibits, interrogatory responses, admissions, and any other information produced, that may require disclosure of information regarded by the producing party as confidential information incorporating proprietary data, know-how, trade secrets or other valuable commercial information.

WHEREAS, the Parties, by and through their representative attorneys, stipulate and agree to the follow terms and conditions, which shall apply to this civil action (the "Stipulation"):

IT IS HEREBY STIPULATED AS FOLLOWS:

1.      Any party providing any disclosure pursuant to the Federal Rules of Civil Procedure ("FRCP") that the producing party in good faith believes contains information proprietary to it and is entitled to protection under FCRP 26(c), may

designate the document as confidential ("Confidential Information") by placing on the document the legend "Confidential."

2.      All Confidential Information produced or exchanged by any of the Parties in the course of this action or any appeal arising therefrom ("the Litigation") shall be used solely for the purpose of the Litigation and shall not be used or disseminated for any other purpose.

3.      Confidential Information shall include, and the provisions of this Stipulation shall apply to, information provided by third parties in response to a subpoena for documents and/or deposition testimony.

4.      Confidential Information may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part only to the following persons:

a.      Outside counsel who represent the parties that have appeared in this Litigation and temporary employees and service vendors of such counsel (including outside copying services and outside litigation support services) assisting in the conduct of the Litigation;

b.      Parties to the Litigation;

c.      Directors, officers or employees of the Parties, or any subsidiary or affiliate thereof, who are assisting the parties in the Litigation, or who appear as witnesses;

d.      Witnesses, potential witnesses or deponents and their counsel, during the course of, or to the extent necessary for, conducting the Litigation;

e.  Expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert services in connection with the Litigation or to give testimony with respect to the subject matter of the Litigation at arbitration, trial of or other proceeding herein;

f.  The Court, persons employed by the Court and court reporters transcribing the testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom;

g.  Any other person agreed upon in writing by the Parties.

5.  Notwithstanding Paragraph 6, nothing herein shall restrict any Party from filing with the Court memoranda of law that refer to Confidential Information.

6.  Any document or tangible item that contains confidential information, if filed or submitted to the Court, shall be filed in a separate, sealed envelope marked "Filed Under Seal."Within 45 days after the final adjudication or settlement of all claims in the Litigation, counsel for each Party shall return all documents produced by any other Party and all copies of such documents. All information and notes derived therefrom, shall be destroyed, except counsels' notes, which shall remain subject to this Stipulation.

7.  Nothing herein shall be deemed to restrict in any manner whatsoever the use by a Party of its own Confidential Information.

8.  If any Party receiving Confidential Information covered by this Stipulation (the "Receiver") is subpoenaed in any other action or proceeding or is served with a document demand, and such subpoena or document demand seeks Confidential Information, the Receiver shall give prompt written notice by hand or facsimile

transmission within five (5) business days of the Receiver's receipt of such subpoena or document demand, to the Party or third party who produced the Confidential Information and shall object to the production of such Confidential Information on the grounds of the existence of this Stipulation. The burden of opposing the enforcement of the subpoena or document demand shall fall upon the Party or third party who produced the Confidential Information. Unless the Party or third party who produced the Confidential Information obtains an order directing that the subpoena or document demand not be complied with, and serves such order upon the Receiver by hand delivery prior to production pursuant to the date required by the subpoena or document demand, the Receiver shall be permitted to produce documents responsive to the subpoena or document demand of any Confidential Information. Compliance by the Receiver with any order directing production pursuant to the subpoena or document demand of any Confidential Information shall not constitute a violation of this Stipulation.

9. This Stipulation may be modified only by a written stipulation signed by all Parties hereto and ordered by the Court, or by order of this Court. Any party may apply to the Court at any time, by properly noticed motion, for a modification of this Stipulation, including without limitation seeking a determination that information identified as Confidential Information is not Confidential Information.

10. Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

11. This Stipulation shall be binding upon the Parties' successors, assigns, transferees and any future party to the Litigation, and any related litigations.

12.     This Stipulation may be executed in counterparts, each of which

shall be deemed an original, and a faxed signature shall be deemed an original for

purposes of this Stipulation.

Date:   New York, New York
        May 23, 2012

THE LAW OFFICES OF                          SCHIFF HARDIN LLP
STANLEY K. SHAPIRO


By: _____          By: _____
    Stanley K. Shapiro                   Mathew B. West
    StanleyKShapiro@aol.com             mwest@schiffhardin.com

225 Broadway, Suite 1803            666 Fifth Avenue
New York, New York 10007            New York, New York 10103
(212) 693-1076                      (212) 753-5000

*Attorneys for Plaintiff*           *Attorneys for Defendant*


                                    So Ordered:


                                    _____  _____
                                    Hon.


NY\51175756.1