

Mathew B. West
212-745-0851
mwest@schiffhardin.com

666 FIFTH AVENUE
17TH FLOOR
NEW YORK, NY 10103

t 212.753.5000
f 212.753.5044

May 23, 2012

*By ECF*

Hon. Marilyn D. Go
United States District Court
225 Cadman Plaza East, Room 1214-S
Brooklyn, New York 11201

    Re: *Mesivtha Tifereth Jerusalem v. Sovereign Bank, et al.*
       12-CV-1301 (WFK) (MDG)

Dear Judge Go:

    We represent defendant Sovereign Bank, N.A. (the "Bank"). For the Court's convenience, I enclose as Exhibit A a redline comparison that shows Plaintiff Mesivtha Tifereth Jerusalem's proposed changes to the Bank's proposed stipulated protective order.

       Respectfully submitted,

        /s/ Mathew B. West
       Mathew B. West
       (mwest@schiffhardin.com)

MBW/mc

Cc:  Stanley K. Sharpiro, Esq. (by ECF)

CHICAGO | WASHINGTON | NEW YORK | LAKE FOREST | ATLANTA | SAN FRANCISCO | BOSTON | ANN ARBOR

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

MESIVTHA TIFERETH JERUSALEM,

                              Plaintiff,                    12-CV-1301 (WFK) (MDG)

        v.

SOVEREIGN BANK and STATEN ISLAND
BANK & TRUST,

                              Defendants.

### STIPULATED PROTECTIVE ORDER

        WHEREAS, Plaintiff Mesivtha Tifereth Jerusalem and Defendant

Sovereign Bank, now known as Sovereign Bank, N.A. (each a "Party" and collectively

the "Parties"), are engaged in discovery proceedings in this action, in order to protect the

confidentiality of documents containing nonpublic and competitively sensitive

information or proprietary data or may disclose the identity of an individual recipient of

charity, that a Party may need to disclose in connection with discovery in this

action, including document production, depositions, deposition exhibits, interrogatory

responses, admissions, and any other information produced, that may require disclosure

of information regarded by the producing party as confidential information incorporating

proprietary data, know-how, trade secrets or other valuable commercial information.

        WHEREAS, the Parties, by and through their representative attorneys, stipulate

and agree to the follow terms and conditions, which shall apply to this civil action (the

"Stipulation"):

        IT IS HEREBY STIPULATED AS FOLLOWS:

1.     Documents produced herein~~Any party providing any disclosure~~ pursuant to the Federal Rules of Civil Procedure ("FRCP") that a Party~~the producing party~~ in good faith believes contains non-public information proprietary to it and is entitled to protection under FCRP 26(c), may designate the document as confidential ("Protected Document") by placing on the document the legend "Confidential." The term "document", as used herein, means written material, videotapes and all other tangible items, produced in whatever format (e.g., hard copy, electronic, digital, etc.) and on whatever media (e.g., hard copy, videotape, computer diskette, CD-ROM, DVD, hard drive or otherwise).~~("Confidential Information") by placing on the document the legend "Confidential."~~

2.     All Protected Documents~~Confidential Information~~ produced or exchanged by any of the Parties, or by a non-party pursuant to subpoena, in the course of this action or any appeal arising therefrom ("the Litigation") shall be used solely for the purpose of the Litigation and shall not be used or disseminated for any other purpose.

3.     The burden of proving that a Protected Document contains non-public confidential information entitled to protection under FCRP 26(c) is on the Party making such designation.  If a Party disagrees with the "Confidential" designation of any Protected Document, that party will serve written notice of objection to confidential designation of the document on all counsel.  The Party seeking confidentiality protection thereupon will timely apply to this Court, within 30 days after service of such notice of objection, to set a hearing for the purpose of establishing that said document is confidential, entitled to protection under FCRP 26(c).  Any document so marked as

"Confidential" will continue to be treated as such pending such application and determination by the Court as to its confidential status.

3.     Protected Documents~~Confidential Information shall include, and the provisions of this Stipulation shall apply to, information provided by third parties in response to a subpoena for documents and/or deposition testimony.~~

4.     ~~Confidential Information~~ may be disclosed~~, summarized, described, characterized or otherwise communicated~~ or made available in whole or in part only to the following persons:

a.     Outside counsel who represent the parties that have appeared in this Litigation and any persons, including temporary employees and service vendors of such counsel (including outside copying services and outside litigation support services), assisting in the conduct of the Litigation;

b.     Parties to the Litigation;

c.     Directors, officers, trustees, ~~or~~ employees, members or volunteers of the Parties, or any subsidiary or affiliate thereof, who are assisting the parties in the Litigation, or who appear as witnesses;

d.     Witnesses, potential witnesses or deponents and their counsel, during the course of, or to the extent necessary for, conducting the Litigation;

e.     Expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert services in connection with the Litigation or to give testimony with respect to the subject matter of the Litigation at arbitration, trial of or other proceeding herein;

f.     The Court, persons employed by the Court and court reporters transcribing the testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom;

g.     Arbitrators or mediators designated or retained herein;

g.h.     Any other person agreed upon in writing by the Parties.

5.     Notwithstanding the foregoing,Paragraph 6, nothing herein shall restrict any Party from filing with the Court memoranda of law that refer to a Protected Document.

5.6.     In filing Protected Documents with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Protected Document ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. The Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission.Information.

6.7.     Any document or tangible item that contains confidential information, if filed or submitted to the Court, shall be filed in a separate, sealed envelope marked "Filed Under Seal."Within 45 days after the final adjudication or settlement of all claims in the Litigation, counsel for each Party shall return or destroy all Protected Documentsdocuments produced by any other Party and all copies of such documents. All information and notes derived therefrom, shall be destroyed, except counsels' notes, which shall remain subject to this Stipulation.

7.8.    Nothing herein shall be deemed to restrict in any manner whatsoever the use by a Party of its own Protected Documents.Confidential Information.

8.9.    If any Party receiving a Protected DocumentConfidential Information covered by this Stipulation (the "Receiver") is subpoenaed in any other action or proceeding or is served with a document demand, and such subpoena or document demand seeks a Protected Document,Confidential Information, the Receiver shall give prompt written notice by hand or facsimile transmission within ten (10)five (5) business days of the Receiver's receipt of such subpoena or document demand, to the Party or third party who produced the Protected DocumentConfidential Information and shall object to the production of such Protected DocumentConfidential Information on the grounds of the existence of this Stipulation.  The burden of opposing the enforcement of the subpoena or document demand shall fall upon the Party or third party who produced the Protected Document.Confidential Information.  Unless the Party or third party who produced the Protected DocumentConfidential Information obtains an order directing that the subpoena or document demand not be complied with, and serves such order upon the Receiver by hand delivery prior to production pursuant to the date required by the subpoena or document demand, the Receiver shall be permitted to produce documents responsive to the subpoena or document demand of any Protected Document.Confidential Information.  Compliance by the Receiver with any order directing production pursuant to the subpoena or document demand of any Protected DocumentConfidential Information shall not constitute a violation of this Stipulation.

9.10.   This Stipulation may be modified only by a written stipulation signed by all Parties hereto and ordered by the Court, or by order of this Court.  Any

party may apply to the Court at any time, by properly noticed motion, for a modification

of this Stipulation, including without limitation seeking a determination that information

identified as confidential is not entitled to protection under FCRP 26(c).Confidential

Information is not Confidential Information.

10.11.  Nothing herein shall be deemed to waive any privilege recognized

by law, or shall be deemed an admission as to the admissibility in evidence of any facts

or documents revealed in the course of disclosure.

11.12.  This Stipulation shall be binding upon the Parties' successors,

assigns, transferees and any future party to the Litigation, and any related litigations.

12.13.   This Stipulation may be executed in counterparts, each of which

shall be deemed an original, and a faxed signature shall be deemed an original for

purposes of this Stipulation.

Date:   New York, New York
        May 23, 2012

THE LAW OFFICES OF                          SCHIFF HARDIN LLP
STANLEY K. SHAPIRO


By: _____                  By: _____
      Stanley K. Shapiro                           Mathew B. West
      StanleyKShapiro@aol.com                      mwest@schiffhardin.com

225 Broadway, Suite 1803                     666 Fifth Avenue
New York, New York 10007                     New York, New York 10103
(212) 693-1076                               (212) 753-5000

*Attorneys for Plaintiff*                    *Attorneys for Defendant*


                                             So Ordered:


                                             _____
                                             Hon.

NY\51175756.1