```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - -X
MESIVTHA TIFERETH JERUSALEM,

                    Plaintiff,
                                              PROTECTIVE ORDER
          - against -
                                              CV 2012-1301 (WFK)(MDG)
SOVEREIGN BANK, et al.,

                    Defendants.
- - - - - - - - - - - - - - - - - - - -X
```

Since the last discovery hearing held, the parties have reached an agreement on all the terms, but one, of a proposed protective order of confidentiality to protect certain information that may be produced in discovery. See ct. docs. 17 and 18. Defendant Sovereign Bank contends that all information produced in discovery should be returned or destroyed following the termination of the litigation, while plaintiff argues that only confidential material must be returned or destroyed.

As a practical matter, counsel and clients ordinarily have little need for the discovery materials of their adversaries after the conclusion of a litigation. The wholesale return or destruction of all documents may be the simplest method for insuring proper treatment of the documents that are protected as confidential. Parties have occasionally submitted, and this Court has approved, stipulated protective orders which contain a provision for the return or destruction of all documents produced in discovery. Such terms reflect as a matter of contractual

agreement between the parties, which this Court has seen no reason to disturb absent other concerns.

However, nothing in the Federal Rules of Civil Procedure requires such action. Rule 26(c) generally confers on the trial court the discretion to limit the scope of disclosure or the terms under which disclosure should be made. See Fed.R.Civ.P. 26(c)(1), stating that a court, upon a showing of good cause, may "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . " Nothing in Rule 26 addresses the treatment of the non-confidential information at issue here and defendant offers no justification for protecting non-confidential information. In fact, in the Court's experience, most of the proposed protective orders submitted follow plaintiff's course in not extending post-litigation protection to non-confidential materials. Therefore, this Court will adopt the language proposed by plaintiff and will mandate the return or destruction only of Confidential Information within 45 days of final adjudication or settlement of all claims in this litigation.

Having resolved the final remaining dispute between the parties regarding the scope of the Protective Order, this Court finds, given the nature of the claims asserted herein, that certain documents produced in discovery may contain confidential private information for which special protection from public disclosure and from use for any purpose other than litigating

this action would be warranted. Accordingly, this Court orders as follows:

1. The version of the proposed Protective Order submitted to the Court by plaintiff, which has been agreed to in most respects by the parties and is annexed hereto as Exhibit 1, is approved and incorporated herein, except as modified as follows.

2. Absent approval of the Court, no party may designate as confidential materials that are not entitled to confidential treatment under applicable legal principles, such as records containing private competitive information; private personal or financial information; confidential business policies and strategies, research or development information; private information relating to ownership or control of any non-public company; information required by law to be maintained in confidence by any person and information protected from disclosure by government regulations. In addition, this Order protects all copies, abstracts, charts, summaries, and notes made from material properly designated as Confidential. Nothing in this Order shall be construed as conferring blanket protection on all disclosures or responses to discovery or as constituting a determination of the relevance or admissibility of any discovery materials.

3. The parties must use best efforts to minimize the number and extent of documents filed under seal. Prior to seeking leave to file a document containing Confidential Material under seal, a

party must determine whether the material that gives rise to a "Confidential" designation is relevant and necessary to the filing and whether redaction of the confidential information may eliminate the need for sealing the document.  If the information that is confidential is not relevant to the filing and there is no need to seal the remainder of the document, the document should be filed unsealed, with the confidential information redacted.

    4.  If the information that is confidential is relevant to the filing, the document containing information may be filed under seal.  However, if the document containing Confidential Material is a document prepared or caused to be prepared by a party for this litigation, such as an affidavit, memorandum of law or deposition transcript, the parties must publicly file the document with the Confidential Material redacted.  It should be noted that if the parties seek to seal documents relating to matters outside the scope of discovery, such as dispositive motions or trial materials, the Court may revisit this protective order in order to tailor more narrowly the appropriate scope of sealing and redacting of information in order to protect the right of the public to inspect judicial documents under both the First Amendment and under common law.

    5.  The parties must comply with procedures of the Clerk's Office and this Court's Chambers Rules as to documents to be

filed under seal.[1]  This process requires that a party seeking to seal a document must first file a Motion for Leave to e-file a sealed document, with the proposed sealed documents attached to the motion.  The ECF system will notify the party when the motion is granted and provide instructions for filing the sealed document, using both the appropriate event for the motion and the sealed document event.

The parties should make best efforts to file sealed documents electronically.  If a party has to file a hard copy, any such submission must be accompanied by a cover sheet in accordance with the form "Notice Regarding the filing of Exhibits in Paper Form," in the CM/ECF User's Guide.  The Notice must also be filed electronically.  Any sealing envelope should clearly describe the document to be sealed and identify the document number on the docket sheet that corresponds to such sealed document.  Each envelope submitted for sealing may contain only one document or portions of one filing (such as multiple exhibits annexed to a document filed).

6. A party submitting a document under seal or filing a document with redacted information must provide the District Judge and/or Magistrate Judge to be handling the application or motion at issue with a complete and un-redacted copy of the

---

[1] The Clerk's instructions for electronically filing sealed documents are available on the Court's website at: http://www.nyed.uscourts.gov/pub/docs/local/EfilingSealedCV.pdf.

-6-

submission that is marked to indicate that the document is filed under seal, if applicable, and what portions of the submission are confidential. The first page of the document must clearly indicate that the document or portions thereof are filed under seal or with redactions and the assigned ECF document number.

**SO ORDERED.**

Dated:     Brooklyn, New York
           June 18, 2012

                                    _____
                                    MARILYN D. GO
                                    UNITED STATES MAGISTRATE JUDGE