The Law Offices of
# Stanley K. Shapiro
225 Broadway, Suite 1803
New York, New York 10007

---

(212) 693-1076

Fax No. (212) 406-3677

August 29, 2012

<u>By ECF</u>

Hon. Marilyn D. Go
United States Magistrate Judge
225 Cadman Plaza East, Room 1230
Brooklyn, New York 11201

    Re:   Mesivtha Tifereth Jerusalem v. Sovereign Bank and
             <u>Staten Island Bank & Trust</u>, 12-CV-1301 (WFK)(MDG)

Dear Magistrate Judge Go:

    This letter is submitted on behalf of plaintiff pursuant to Local Rule 37.3[c] and Fed.R.Civ.P. 37(a) to compel discovery responses and for sanctions for defendant Sovereign Bank's evasive and incomplete answers to certain interrogatories and requests to produce. In particular: defendant has evaded disclosure of its rules, practices and procedures with respect to check clearing security procedures established by defendant Bank for verifying that the signature on the check is that of an authorized signer on the account, and for detecting forged, altered or unauthorized checks before clearing the check for payment; defendant failed to give a clear and direct response to requests for the identity of the employee(s) who inspected, approved and/or cleared the subject [unauthorized] checks for payment, or if no one did to so state [to be able to discover what actually was done by whom to verify the signature on the checks]; and failed to produce a copy of the Signature Card for the main checking account at issue here (or give a direct response that it does not have or cannot locate that signature card).

    The discovery sought by plaintiff and evaded by defendant is most relevant and material. Under UCC 4–406(3) if the bank did not exercise ordinary care in paying the forged or unauthorized checks, it bears the loss for repeated forgeries, even if the customer also breached its own duty to inspect its canceled checks and statements in a timely manner. See e.g. <u>Weafri Well Services, Co., Ltd. v. Fleet Bank, National Ass'n</u>, 2000 WL 1472724, at *4 , 43 UCC Rep.Serv.2d 649 (S.D.N.Y. 2000):

> "Under section 3–406, the bank must also establish that it complied with reasonable commercial standards when it paid the forged checks....If the bank fails to do so, it remains liable even if the customer was also negligent....Courts have found the term 'reasonable commercial standards' synonymous with the concept of 'ordinary care' contained in U.C.C. § 4–103(3)...." (Citations omitted.)

Hon. Marilyn D. Go
United States Magistrate Judge
August 29, 2012
Page 2

After receiving defendants' first evasive and incomplete responses, I served supplemental follow-up discovery requests, and also sent a letter and then conferred by phone with defendant's counsel in good faith attempt to resolve the discovery issues to obtain the discovery, nevertheless without success.

Plaintiff served its First Set of Interrogatories and First Request to Defendants for Production of Documents, on April 17, 2012 (submitted herewith as Exhibit 1); Sovereign Bank, N.A. served Objections and Responses to Plaintiff's First Set of Interrogatories, on May 23, 2012 (Exhibit 2 hereto) and Supplemental Objections and Responses to Plaintiff's First Set of Interrogatories, dated July 25, 2012 (Exhibit 3 hereto) (this was originally served without confidential designation, but re-served and designated as "confidential" by letter and response dated August 20, 2012; accordingly an un-redacted copy is being hand delivered to Chambers, and omitted from the ECF filing).[1]  After receiving in July defendants' document production in response to plaintiff's First Request to Produce, and finding that, despite entry of the confidentiality protective order, defendant did not produce its check clearing security procedures to detect forgeries and unauthorized checks and verify signature, and did not serve amended responses to plaintiff's interrogatories, plaintiff served Supplemental Interrogatories to First Set of Interrogatories, dated July 16, 2012 (Exhibit 4 hereto); and defendants served Objections and Responses to Plaintiff's Supplemental Interrogatories to Plaintiff's First Set of Interrogatories on August 20, 2012 (Exhibit 5 hereto) (defendants designated as "confidential" also its responses to supplemental interrogatories, so, accordingly an un-redacted copy is being hand delivered, and is omitted from the ECF filing).  My letter to defendants' counsel dated July 16, 2012 is annexed hereto as Exhibit 6.

Plaintiff's First Set of Interrogatories Nos. 1 and 2 asked defendants to identify the person(s) employed by defendants who participated in inspecting, approving and clearing the check for payment for each of the alleged unauthorized checks, and to specify the nature of the person's involvement (see Exhibit 1). Defendant's first response refused to give an answer, objecting on purported grounds that the requests were "vague and ambiguous" and "assumes facts not in the record" (see Exhibit 2).

Plaintiff's Interrogatory Nos. 7 and 8 requested as follows:

> "7.   Set forth the procedures and practices taken by defendant for ascertaining that the checks drawn on plaintiff's Checking Account No. 191106173 were signed by an individual with check signing authority.

---

[1] Notice of Objection to the designation of defendants' interrogatory responses as confidential was filed on August 27, 2012.  In the meantime, the unfounded designation as confidential makes filing of papers cumbersome, calling for the filing under seal of defendants' unresponsive interrogatory answers.

Hon. Marilyn D. Go
United States Magistrate Judge
August 29, 2012
Page 3

>    8. Set forth the procedures and practices taken by defendant for ascertaining that the checks drawn on plaintiff's Money Market Account No. 2166107504 were signed by an individual with check signing authority." (Exhibit 1)

Defendant similarly failed to answer these interrogatories, again objecting on the grounds that these requests were "vague and ambiguous" and "assumes facts not in the record" (see Exhibit 2).

Plaintiff's Interrogatory Nos. 5 and 6 ask that defendant Bank set forth its policies, procedures and practices for check clearing in effect during the period from July through December 2011, applicable to each of the two subject accounts at issue herein (see Exhibit 1). Defendant did not provide a substantive response, instead stating that it was responding by incorporating its responses to plaintiff's Requests for Production of Documents 7, 18 and 19, which called for production of the following:

>    "7. All policies, rules, regulations, practices and/or procedures with respect to check clearing....
>
>    18. Any documents reflecting clearing house rules with respect to check-clearing procedures.
>
>    19. Copies of all documents reflecting policies and procedures, including training materials, regarding defendant bank's check clearing procedures." (Exhibit 1).

However, defendants have failed to produce documents setting forth its policies, rules, regulations, practices and/or procedures with respect to check clearing, and specifically defendants have not produced its rules and practices describing the security procedures established by defendant Bank for verifying that the signature on the check is that of an authorized signor on the account before clearing the check for payment. Though defendants have unwarrantedly designated as confidential hundreds of pages of documents, none of the documents produced include defendant's security procedures for check clearing and verifying the authorized signature against forgery, alteration or unauthorized check— the Bank's pretext for the Confidentiality Protective Order.

Defendants' Supplemental responses persist in providing evasive and unresponsive answers, offering a general and conclusory representation that the defendant Bank purports to have acted "consistent with customary industry banking practices and procedures and Federal Reserve regulations and operating letters, clearing house rules and the like", and that the checks "were processed as part of the Federal Reserve automated check processing programs", all without disclosure of what the specific practices, procedures, rules or regulations were, nor the substance thereof (see Exhibits 3 and 5). (Yet, they attached a "confidential" designation.)

Hon. Marilyn D. Go
United States Magistrate Judge
August 29, 2012
Page 4

  To address defendants' objection to answering the above first set of interrogatories as purportedly "assuming facts not in the record", plaintiff served supplemental interrogatories, asking defendants to state first whether any persons were involved in verifying the signatures, or inspecting, approving and clearing each of the checks (calling for a "yes" or "no" response, and laying a foundation to the extent it was not implicit in the originally phrased interrogatories), and if yes, to identify such person(s) (Exhibit 4, Interrogatory Nos. 1-4). Plaintiff's supplemental interrogatories similarly asked defendants to state, [yes or no], whether the Bank had established any security procedures for ascertaining that the checks drawn on plaintiff's accounts were signed by an individual with check signing authority, and if the answer was yes, to set forth those procedures (Exhibit 4, Interrogatory Nos. 5 and 6). Defendants failed to answer these interrogatories yes or no, while also failing to set forth its security procedures. Instead, defendants repeated non-responsive and evasive answers, with the general and conclusory assertion quoted above (See Exhibit 5).

  Defendants have also persisted in refusal to either produce a copy of the Signature Card for the subject checking account or to state directly that it does not have or cannot locate the signature card.

  Defendants' evasive and incomplete responses evidence a wilful intent to evade and avoid disclosure, evidently with a purpose to obstruct the prosecution of the action, and cover up and conceal defendant Bank's failure to exercise ordinary care in its processing of the unauthorized checks at issue herein and conversion of funds in plaintiff's accounts. Defendants have also thereby increased costs and expenses and protracted this litigation.

  I hereby certify that on behalf of plaintiff I conferred with defendants' counsel in good faith before seeking judicial action.

  Wherefore, it is respectfully requested that an order be entered to compel defendants to provide clear and complete answers and document production to the foregoing discovery requests, and that defendants be directed, pursuant to Rule 37(a)(5)(a), to pay plaintiff's reasonable expenses, including attorney's fees, for necessitating this motion to compel disclosure.

Respectfully,

Stanley K. Shapiro

SKS/

cc: Matthew B. West, Esq. (By ECF)